UNITED STATES of America, Appellee,

v.

**Rodney K. JONES, Appellant.**

No. 92–2753.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 18, 1993.

Decided Aug. 13, 1993.

828

Timothy R. Brownlee, Kansas City, MO, for appellant.

Kathryn M. Geller, Asst. U.S. Atty., Kansas City, MO, for appellee.

Before McMILLIAN, MAGILL and LOKEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Rodney K. Jones appeals the 211–month sentence imposed by the district court[1] following his guilty pleas to conspiring to distribute phencyclidine (PCP) and using a firearm during and in relation to a drug trafficking offense. For reversal, he argues that the Guidelines violate the Due Process Clause of the Fifth Amendment, his sentence was excessive, and the district court erred in denying his motion for a downward departure on the ground that he substantially assisted the government. For the reasons set forth below, we affirm the judgment of the district court.

A grand jury returned a thirty-count indictment charging twelve defendants, including Jones, with conspiring to distribute PCP, money-laundering, and firearms offenses. The conspiracy started in 1986 and ended May 3, 1991. Members of the conspiracy purchased PCP in the Los Angeles area and transported it back to Kansas City for distribution. Jones was named in four counts in addition to the conspiracy count. Three counts charged him with specific instances of distributing PCP, and one count charged him with using a firearm during a drug trafficking offense.

Pursuant to a plea bargain, Jones pleaded guilty to the charge of conspiring to distribute in excess of one kilogram of a mixture containing PCP and to the firearm charge, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and 18 U.S.C. § 924(c). The plea agreement provided that Jones "knew of the distribution or reasonably could have foreseen the distribution of approximately 9.9 kilograms" of PCP. Jones promised to provide the government with "complete, truthful information ... about illegal firearms and drug trafficking activities" as part of his "acceptance of responsibility." The plea agreement further stated that Jones would not be required to testify at trial, and therefore the government would not file a motion to depart on the ground of substantial assistance. In exchange for his guilty plea, the government promised to dismiss the remaining charges against Jones.

The presentence report (PSR) determined that Jones's sentencing range for the conspiracy was 151 to 188 months and that the firearms charge mandated a consecutive 60–month sentence. Neither party objected to the PSR. The district court imposed a sentence of 151 months for the conspiracy and a consecutive 60 months for the firearms charge. On appeal, Jones argues that the Guidelines violate the Fifth Amendment's Due Process Clause by (1) limiting the sentencing court's discretion and (2) classifying punishment for drug offenses on the basis of quantity rather than purity. Jones also contends that his sentence is excessive based on his minor role in the conspiracy and that the district court erred in refusing to depart

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

downward based on the substantial assistance he provided to the government.

■ Jones's constitutional arguments are meritless. First, the limits the Guidelines place on the discretion of the district courts to take into account various factors at sentencing do not violate the Due Process Clause. *United States v. Jones,* 965 F.2d 1507, 1519 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 346, 121 L.Ed.2d 261, —— U.S. ——, 113 S.Ct. 439, 121 L.Ed.2d 358 (1992); *United States v. Brittman,* 872 F.2d 827, 828 (8th Cir.), *cert. denied,* 493 U.S. 865, 110 S.Ct. 184, 107 L.Ed.2d 140 (1989). Second, in *United States v. Brown,* 921 F.2d 785, 790 (8th Cir.1990), we rejected a due process challenge to the Guidelines classification of drug offenses based on quantity rather than purity, stating "[i]t is neither arbitrary nor irrational to sentence according to the total quantity of the PCP mixture involved, without regard to the purity."

■ We also reject Jones's contention that his sentence is excessive because he played a minor role in the conspiracy. The 151-month sentence for the conspiracy is the low end of the Guidelines range and the consecutive 60-month sentence for the firearm conviction is mandated by statute. Finally, Jones's claim that the district court erred by denying his motion for a downward departure on the ground that he substantially assisted the government is meritless. The district court had no authority to depart below the Guidelines range on the basis of any assistance Jones provided absent a government motion under U.S.S.G. § 5K1.1, p.s., or a showing of unconstitutional motivation. *United States v. Kelley,* 956 F.2d 748, 751–52 (8th Cir.1992) (banc).

Accordingly, we affirm the judgment of the district court.