# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2898

_____

United States of America,

        Appellee,

v.

Richard Lincoln,

        Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Northern District of Iowa.

_____

Submitted: May 11, 2005
Filed: July 5, 2005

_____

Before MORRIS SHEPPARD ARNOLD, MURPHY, and BENTON, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Richard Lincoln appeals his sentence on one count of conspiring to distribute five grams or more of cocaine base (crack cocaine), *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and one count of distributing 2.75 grams of crack cocaine, *see* 21 U.S.C. § 841(a)(1), (b)(1)(C). We affirm.

Mr. Lincoln maintains that the district court[1] clearly erred in calculating the drug quantity for which it held him accountable for purposes of determining the

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

applicable sentencing range under U.S.S.G. § 2D1.1. The evidence of drug quantity produced at Mr. Lincoln's sentencing hearing included statements by Mr. Lincoln to law enforcement officers about the frequency with which he bought crack cocaine and the usual quantity that he bought. From this information, the district court aggregated Mr. Lincoln's purchases and arrived at an amount exceeding 500 grams of crack. Mr. Lincoln, however, testified at his sentencing hearing that, in his statements to law enforcement officers, he had exaggerated his dealings in crack cocaine in the hope that the officers would select him as an informant rather than arrest him. He further attested that the actual drug quantity for which he was responsible was closer to 50 grams than 500. The district court, which of course observed Mr. Lincoln testify, found that he fabricated his testimony at sentencing to avoid a long sentence, and it accepted instead the drug quantity implied by his earlier statements to law enforcement officers. After a district court assesses a witness's credibility, we rarely cast aspersions on its conclusion given that court's comparative advantage at evaluating credibility. *See United States v. Adipietro*, 983 F.2d 1468, 1472 (8th Cir. 1993). We conclude that the district court did not clearly err here, especially since Mr. Lincoln admitted to making the statements that contradicted his testimony.

Mr. Lincoln also asserts that the district court violated his sixth amendment rights by finding facts that increased his sentence. Although the district court sentenced Mr. Lincoln before the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), at his sentencing the court presciently anticipated the advisory-guidelines regime created in that case by treating the guidelines as advisory and taking into account all of the considerations set out in 18 U.S.C. § 3553(a). The district court therefore did not violate Mr. Lincoln's sixth amendment rights because it implemented the remedy that the Supreme Court devised in *Booker*, 125 S. Ct. at 764-65, for the sixth amendment violation that inhered in the mandatory-guidelines system.

Finally, Mr. Lincoln asseverates that his sentence of 324 months on the conspiracy count is unreasonably long and should thus be reversed pursuant to *Booker*, 125 S. Ct. at 765-68. His sentence, however, was within the guidelines range for his offense level of 38 and criminal history category IV, and as a result, we think that it is presumptively reasonable. *Cf. United States v. Marcussen*, 403 F.3d 982, 985 n.4 (8th Cir. 2005). Nothing in the record suggests that the district court based its sentence on an "improper or irrelevant factor" or neglected "to consider a relevant factor." *See United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005). Indeed, the district court expressly justified Mr. Lincoln's sentence on grounds contained in 18 U.S.C. § 3553(a), methodically examining Mr. Lincoln's sentence in light of each of the considerations listed there. Mr. Lincoln thus failed to rebut the presumption of reasonableness that attaches to his sentence.

Affirmed.

_____