# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1274

_____

United States of America,                      *
                                               *
      Appellee,                          *   Appeal from the United States
                                               *   District Court for the
v.                                             *   Eastern District of Missouri.
                                               *
Jamie Wesley,                                  *   [UNPUBLISHED]
                                               *
      Appellant.                         *

_____

Submitted: August 31, 2005
Filed: October 12, 2005

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jamie Wesley challenges the sentence the district court[1] imposed after he pleaded guilty to drug and firearm charges. At sentencing, Wesley moved for a downward departure under U.S.S.G. § 4A1.3 based on overstatement of his criminal history. The district court denied the motion and sentenced him to 135 months imprisonment and 5 years supervised release. On appeal, Wesley argues that the district court should have granted the downward departure, and that his sentence is unreasonable.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

Upon careful review of the record, we find that the district court's denial of the downward departure under the Guidelines was an unreviewable exercise of discretion. *See United States v. Frokjer,* 415 F.3d 865, 874 (8th Cir. 2005) (district court's denial of downward departure unreviewable unless court had unconstitutional motive or erroneously believed it was without authority to depart).

Further, the district court properly utilized the Guidelines as advisory and considered the sentencing factors in 18 U.S.C. § 3553(a). Therefore, there was no error under *United States v. Booker,* 125 S. Ct. 738, 756-57 (2005) (Guidelines are only advisory). *See United States v. Pirani,* 406 F.3d 543, 551 (8th Cir.2005) (en banc) (holding *Booker* error is avoided when district court calculates proper Guidelines sentencing range, treats Guidelines as advisory, and imposes reasonable sentence), *petition for cert. filed*, (U.S. July 27, 2005) (No. 05-5547).

Finally, we conclude that Wesley's sentence was not unreasonable: the sentence was within the Guidelines range, and the district court explicitly stated it considered the sentencing factors listed in section 3553(a). *See United States v. Lincoln,* 413 F.3d 716, 717 (8th Cir. 2005) (sentence within Guidelines range presumptively reasonable; presumption not rebutted where district court expressly considered § 3553(a) factors).

Accordingly, we affirm.

_____