# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1032

_____

United States of America,           *
                                    *

        Appellee,         *
                                    *   Appeal from the United States

        v.              *   District Court for the
                                    *   District of Nebraska.

Victor M. Alvaro-Reyes, also known  *
as Cruz De Luna,               *   [UNPUBLISHED]
                                    *

        Appellant.        *

_____

Submitted: January 20, 2006
Filed: February 2, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Victor Alvaro-Reyes appeals the 87-month sentence the district court[1] imposed after he pleaded guilty to a drug conspiracy, in violation of 21 U.S.C. § 846. In a brief filed under *Anders v. California*, 386 U.S. 738 (1967), counsel argues that Alvaro-Reyes's sentence is excessive and unreasonable.

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

To the extent counsel is raising an Eighth Amendment challenge to Alvaro-Reyes's sentence, we conclude that the argument fails. *See United States v. Collins*, 340 F.3d 672, 679 (8th Cir. 2003) (Eighth Amendment forbids only extreme sentences that are grossly disproportionate to crime); cf. id. at 676, 679-80 (imposition of mandatory life sentence for conspiring to distribute more than 500 grams of methamphetamine was not cruel and unusual punishment under Eighth Amendment); *United States v. Jones*, 2 F.3d 827, 828-29 (8th Cir. 1993) (finding 151-month sentence for conspiring to distribute phencyclidine not "excessive").

We further find that Alvaro-Reyes's sentence--which was imposed at the bottom of the Guidelines range, and well below the mandatory statutory minimum--is not unreasonable. *See United States v. Booker*, 125 S. Ct. 738, 765-67 (2005) (appellate courts should review post-*Booker* sentences for unreasonableness); *United States v. Lincoln*, 413 F.3d 716, 717-18 (8th Cir.) (sentence within Guidelines range is presumptively reasonable, and defendant must rebut presumption of reasonableness), *cert. denied*, 126 S. Ct. 840 (2005).

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm.

_____