# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2492

_____

United States of America,

        Appellee,

v.

Joseph N. Sanchez,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: February 13, 2006
Filed: February 28, 2006

_____

Before RILEY, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Joseph Sanchez (Sanchez) appeals the 63-month sentence imposed by the district court[1] after Sanchez pled guilty to one count of possessing and attempting to possess pseudoephedrine with the intent to manufacture a controlled substance, in violation of 21 U.S.C. §§ 841(c)(1) and 846. Sanchez entered into a plea agreement stating a sentencing range of 0 to 63 months. The district court calculated an advisory Guidelines range of 63 to 78 months' imprisonment; denied Sanchez's motion for a downward departure; and, after considering the factors in 18 U.S.C. § 3553(a),

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

imposed a sentence of 63 months' imprisonment and 3 years' supervised release. On appeal, Sanchez contends the district court imposed an unreasonable sentence, because the sentence is greater than necessary to promote the goals of section 3553(a).

Sanchez fails to rebut the presumption of reasonableness attached to his sentence. See United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (holding a sentence within the Guidelines range is presumptively reasonable), cert. denied, 126 S. Ct. 840 (2005). The district court expressly recognized the Guidelines are advisory, not mandatory, and expressly considered the factors in section 3553(a). Nothing in the record indicates the district court failed to consider a relevant sentencing factor, considered an improper or irrelevant factor, or made a clear error of judgment in weighing the factors listed in section 3553(a). See United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005). Having reviewed the record and the section 3553(a) factors, we conclude the district court considered appropriate sentencing factors and the sentence was not unreasonable.

For the foregoing reasons, we affirm Sanchez's sentence.

_____