# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3321

———————

United States of America,     *
                           *

      Plaintiff - Appellee,    *

                           *   Appeal from the United States

    v.                  *   District Court for the Northern

                           *   District of Iowa.

Ricky Lee Mennen,        *

                           *      [UNPUBLISHED]

      Defendant - Appellant.   *

———————

Submitted: March 13, 2006
Filed: March 16, 2006

———————

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

———————

PER CURIAM.

Ricky Lee Mennen pled guilty to manufacturing and attempting to manufacture methamphetamine, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(B), and 846. He was subject to a mandatory minimum sentence of at least 60 months, and the district court[1] sentenced him to 87 months imprisonment. Mennen appeals, alleging that the court erred by denying a downward departure based on extraordinary physical condition and imposing an unreasonable sentence. We affirm.

———————

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

The plea agreement left the offense level open but indicated that Mennen appeared to qualify for a reduction for acceptance of responsibility barring a change in circumstances. The parties agreed that neither would seek a further adjustment or departure because none was warranted. Before sentencing Mennen moved for a sentence below the guideline range based on 18 U.S.C. § 3553(a), citing his medical and psychological condition. The government's sentencing memorandum opposed such a departure. At sentencing the district court set Mennen's base offense level at 26 and his criminal history category at IV, granted him a 3 level reduction for acceptance of responsibility, and computed the guideline range at 70 to 87 months. The court stated that it was aware that it could depart but found that the factors Mennen cited - alcoholism, substance abuse, and health concerns including diabetes - did not take his case out of the heartland and declined to depart. After discussing the § 3553(a) factors, the court imposed a sentence of 87 months.

Mennen asserts that the court erred by not recognizing its authority to depart, by failing to make a finding about whether his physical condition was extraordinary, and by imposing an unreasonable sentence. Under the sentencing guidelines physical condition is not "ordinarily relevant" on a decision whether to depart downward. See U.S.S.G. § 5H1.4. Moreover, such a departure is not appropriate for drug or alcohol dependence or abuse. Here the district court explicitly recognized its authority to depart, and its discretionary decision not to depart is unreviewable. See United States v. Gonzales-Lopez, 335 F.3d 793, 799-800 (8th Cir. 2005). Mennen contends that the district court "inappropriately weighed the 3553(a) factors in a clear error of judgment" and that it failed to consider his "uncontrollable" diabetes, his substance abuse problem, and the possibility he could die while incarcerated. He notes that his record placed him at the bottom of criminal history category IV and that the amount of drugs involved was near the bottom of the quantity range for his base offense level. The government points out that the court discussed the ability of the Bureau of Prisons to address Mennen's health problems and that he received a reduction for acceptance of responsibility even though he had violated the conditions of pretrial release.

-2-

Mennen's sentence was within the guideline range and is thus presumptively reasonable, see United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005), and the court discussed the § 3553(a) factors. It specifically noted Mennen's age (forty three), his substantial criminal history and failure to comply during pretrial supervision, and his serious medical problems. It also commented that Mennen's health "will likely improve while he's in the Bureau of Prisons because he won't be tempted to self-medicate with alcohol or marijuana or methamphetamine."

After reviewing the record, we conclude the district court did not err in its findings or abuse its discretion in sentencing Mennen and that his sentence is not unreasonable. Accordingly, we affirm the judgment.

_____