# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3059

_____

United States of America,                 *
                                           *
        Plaintiff - Appellee,          *
                                           *   Appeal from the United States
    v.                               *   District Court for the District
                                           *   of Minnesota.
Jose Angel Vasquez-Cardona,                *
                                           *          [UNPUBLISHED]
        Defendant - Appellant.          *

_____

Submitted: March 14, 2006
Filed: March 17, 2006

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jose Angel Vasquez-Cardona pled guilty to unlawful reentry after deportation, in violation of 8 U.S.C. § 1326. The district court[1] sentenced him to 57 months imprisonment. Vasquez-Cardona appeals, asserting that the court erred by failing to recognize its authority to vary or depart from the advisory guidelines and imposed an unreasonable sentence. We affirm.

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Vasquez-Cardona, a citizen of Mexico, was deported in 2004 based on his conviction for third degree criminal sexual conduct. After illegally reentering the United States and being arrested for driving under the influence, Vasquez-Cardona pled guilty to unlawful reentry after deportation. The presentence report calculated a guideline range of 57 to 71 months. Prior to sentencing, Vasquez-Cardona requested a downward departure from the guidelines based on his cultural assimilation, his familial motivation to return to this country, and disparities in sentences between districts with fast track programs and those without them such as the District of Minnesota. Vasquez-Cardona argued that something around 30 months would be a reasonable sentence. The government opposed a departure on any theory and recommended a sentence within the guideline range.

At sentencing the district court chose not to depart on the basis of sentencing disparity among districts "because it would amount to a judicial creation of a Fast Track program in violation of both the PROTECT Act and the purposes of the sentencing guidelines." The court also was not persuaded by appellant's other arguments for a departure, noting that he had not had "a long period of law-abiding behavior in this country" but rather had been "racking up eight criminal history points". The court found "no reason in this case not to impose a guideline sentence" and sentenced Vasquez-Cardona to a term of 57 months, the low point of the guideline range. Vasquez-Cardona asserts that the case should be remanded for resentencing because the district court erroneously believed that it lacked authority to vary or depart from the guideline sentence based on the sentencing disparity resulting from the fast track program.

Review of the sentencing transcript shows that the court understood its power to depart but decided not to because it was Congress which had instituted fast track programs after concluding that "the advantages stemming from fast-track programs outweigh their disadvantages, and that any disparity that results from fast-track programs is not 'unwarranted'", United States v. Sebastian, 436 F.3d 913, 916 (8th Cir.

-2-

2006) (quoting <u>United States v. Perez-Chavez</u>, No. 2:05-CR-00003PGC, 2005 U.S. Dist. LEXIS 9252, at *23 (D. Utah May 16, 2005)). Where a district court recognizes its authority to depart downward, its discretionary decision not to do so is unreviewable.  <u>See</u> <u>United States v. Frokjer</u>, 415 F.3d 865, 875 (8th Cir. 2005).

Vasquez-Cardona also argues that his sentence is unreasonable because the court disregarded the mitigating factor of an unwarranted sentencing disparity and imposed a sentence that does not promote respect for the law.  <u>See</u> § 18 U.S.C. § 3553(a)(2)(A).  Not only is Vasquez-Cardona's sentence presumptively reasonable because it was within the 57 - 71 month guideline range, <u>see</u> <u>United States v. Lincoln</u>, 413 F.3d 716, 717 (8th Cir. 2005), but it was at the low point of that range.  The district court discussed its reasons for not departing and concluded that a guideline sentence was appropriate in this case.  We conclude that the sentence is not unreasonable.

We therefore affirm the judgment.

_____