# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2163

_____

United States of America,

           Plaintiff - Appellee,

v.

Juber Nelson Cabrera-Villegas,

           Defendant - Appellant.

Appeal from the United States
District Court for the District
of Minnesota.

[UNPUBLISHED]

_____

Submitted: March 15, 2006
Filed: March 20, 2006

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Juber Nelson Cabrera-Villegas pled guilty to unlawful reentry after deportation following an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The district court[1] sentenced him to 57 months imprisonment. Cabrera-Villegas appeals, asserting that the court erred by failing to recognize its authority to sentence outside the guidelines and imposed an unreasonable sentence. We affirm.

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Cabrera-Villegas, a citizen of El Salvador who had been granted permanent resident status in 1990, was deported in 2001 based on convictions for aggravated felonies. After illegally reentering the United States, he pled guilty to unlawful reentry after deportation following an aggravated felony. At his initial sentencing Cabrera-Villegas unsuccessfully moved for a downward departure, arguing that his criminal history was overstated and citing mitigating factors including his assimilation. He was sentenced to a term of 57 months, the low end of the range. The case was later remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005).

At his second sentencing hearing, Cabrera-Villegas argued that 57 months was not a reasonable sentence given his family circumstances, his related motive for returning, and the sentencing disparity between a fast track sentence of 37 to 46 months and the 57 month sentence he was given in the District of Minnesota which does not have a fast track program. The court recognized its authority to depart but chose not to, finding that all the circumstances fell within the heartland of cases. It acknowledged the sentencing disparity that results because of the fast track program but observed that it results from a "deliberate act of Congress." The court concluded that its sentence was reasonable under the § 3553(a) factors and emphasized that the case was not so unusual as to justify a departure from the guidelines.

Cabrera-Villegas asserts that the district court failed to recognize that it could depart under U.S.S.G. § 5K2.0 to address the sentencing disparity created by the fast track program. He cites a case in which this disparity was one factor leading to a sentence below the guideline range. United States v. Galvez-Barrios, 355 F.Supp.2d 958, 963 (E.D. Wis. 2005). It is clear, however, that the court here understood its power to depart but decided not to because the case fell within the heartland and it recognized the authority of Congress to institute fast track programs. Where a district court recognizes its authority to depart downward, its discretionary decision not to do so is unreviewable. See United States v. Frokjer, 415 F.3d 865, 875 (8th Cir. 2005).

Cabrera-Villegas also argues that his sentence is unreasonable because the court failed to consider sentencing disparity as a mitigating factor and imposed a sentence which does not promote respect for the law. See 18 U.S.C. § 3553(a)(1)(A). Not only is his sentence presumptively reasonable because it was within the 57 - 71 month guideline range, see United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005), but it was at the low point of that range. Furthermore, the court referred to the § 3553(a) factors and explained why his case failed to justify a departure. Although Congress emphasized the importance of reducing sentence disparities in the Sentencing Reform Act of 1984, 18 U.S.C. § 3553 et seq., it also later passed the PROTECT Act to authorize fast track programs in districts overburdened by illegal reentry cases. See Publ. L. No. 108-21, 117 Stat. 650 (2003). Congress and the President have "concluded that the advantages stemming from fast-track programs outweigh their disadvantages, and that any disparity that results from fast-track programs is not 'unwarranted'", United States v. Sebastian, 436 F.3d 913, 916 (8th Cir. 2006) (quoting United States v. Perez-Chavez, No. 2:05-CR-00003PGC, 2005 U.S. Dist. LEXIS 9252, at *23 (D. Utah May 16, 2005)), and so directed the United States Sentencing Commission to "provide for guideline departures in certain judicial districts". See Sebastian, 436 F.3d at 916.

After reviewing the record, we conclude the district court did not abuse its discretion in sentencing Cabrera-Villegas and that his sentence is not unreasonable. Accordingly, we affirm the judgment of the district court.

_____

-3-