# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 05-1902

_____

United States of America,                    *
                                              *
           Appellee,                          *
                                              *
     v.                                       *
                                              *
Edgar Arteaga-Montoya,                        *
                                              *
           Appellant.                         *


_____

No. 05-2204

_____

Appeals from the United States
District Court for the
Eastern District of Arkansas.

United States of America,                    *
                                             *
           Appellee,                         *
                                             *
     v.                                      *        [UNPUBLISHED]
                                             *
Aldo Noel Acosta-Isiorda,                    *
                                             *
           Appellant.                        *

_____

Submitted: April 5, 2006
Filed: April 13, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

In this consolidated direct criminal appeal, Edgar Arteaga-Montoya and codefendant Aldo Acosta-Isiordia[1] challenge the sentences imposed by the district court[2] after they pleaded guilty to use of a communications facility to facilitate drug trafficking, in violation of 21 U.S.C. § 843(b). Both appellants were subject to a maximum sentence of 48 months imprisonment based upon their pleas. The district court sentenced Arteaga-Montoya to 48 months imprisonment and one year of supervised release, and sentenced Acosta-Isiordia to 42 months imprisonment and one year of supervised release. But for the 48-month statutory maximum triggered by their pleas, both appellants would have faced a Guidelines imprisonment range of 121-151 months. On appeal, counsel for both appellants have moved to withdraw and have filed briefs under Anders v. California, 386 U.S. 738 (1967).

As for Arteaga-Montoya, our careful review of the record reveals that there are no nonfrivolous issues for appeal, see Penson v. Ohio, 488 U.S. 75, 80 (1988), because, among other reasons, we see nothing in the record to rebut the presumption that Arteaga-Montoya's sentence is reasonable. See United States v. Booker, 543 U.S. 220, 261 (2005) (appellate courts review sentences for unreasonableness); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (sentence within Guidelines range is presumptively reasonable, and defendant must rebut presumption of reasonableness), cert. denied, 126 S. Ct. 840 (2005); U.S.S.G. § 5G1.1(a) (where

_____

[1]The record indicates that the correct name is Isiordia rather than Isiorda. (Plea Tr. at 2.)

[2]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

statutorily authorized maximum sentence is less than minimum of applicable Guidelines range, statutory maximum shall be Guidelines sentence).

As for Acosta-Isiordia, we reject the <u>Anders</u> brief argument that the district court erred in refusing to grant this appellant a three- rather than two-level reduction for acceptance of responsibility. Not only would the additional level reduction not have affected his Guidelines sentence, which was drastically reduced because of the statutory maximum, but Acosta-Isiordia specifically stipulated in his plea agreement that he would not receive a third level. <u>See</u> <u>United States v. Early</u>, 77 F.3d 242, 244 (8th Cir. 1996) (per curiam) (defendant who did not challenge plea agreement or seek to withdraw from it was bound by its stipulations). And as in Arteaga-Montoya's case, our review of the record under <u>Penson</u> persuades us that there are no other nonfrivolous issues. In particular, we note that the sentence imposed is not unreasonable, because the district court appropriately considered factors such as Acosta-Isiordia's peripheral role in the conspiracy, his youth, the court's wish to avoid disparate sentences, and Acosta-Isiordia's lack of criminal history. <u>See</u> 18 U.S.C. § 3553(a)(1) (court shall consider nature and circumstances of offense and history and characteristics of defendant); <u>Booker</u>, 543 U.S. at 261.

Having found no nonfrivolous issues in either case, we affirm both sentences and convictions, and we grant both counsel leave to withdraw.

_____