# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2950
_____

United States of America,       *
       *
      Appellee,       *
       *    Appeal from the United States
      v.       *    District Court for the Western
       *    District of Missouri.
Lester D. Erby,       *
       *    [UNPUBLISHED]
      Appellant.       *

_____

Submitted: May 16, 2006
    Filed: May 25, 2006 (corrected May 30, 2006)
_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Lester D. Erby appeals the sentence imposed by the district court[1] after he pleaded guilty to possessing a firearm transported in interstate commerce after he had been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court, declining to follow the offense-level stipulation in Erby's plea agreement, sentenced him to 40 months imprisonment and 3 years supervised release. Erby's counsel now moves to withdraw and has filed a brief under Anders v.

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

California, 386 U.S. 738 (1967), arguing that the district court erred in declining to follow the plea agreement, and that the 40-month sentence was unreasonable.

In Erby's written plea agreement, the parties stipulated to a base offense level of 14, but agreed that the estimate did not bind the court and that the Guidelines range was only advisory. The district court, however, determined a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4) (committing instant offense after one felony conviction for crime of violence), because Erby had a 1999 Missouri conviction for tampering with a witness.

We find that the district court properly assessed a base offense level of 20. Because the plea agreement was not binding on the court, the court was required to independently evaluate the evidence when determining the sentence. See United States v. DeWitt, 366 F.3d 667, 671 (8th Cir. 2004). Further, the district court properly found Erby's prior conviction qualified as a crime of violence. According to the PSR (which he did not dispute) the underlying information recited that he had threatened to harm the victim's grandparents See U.S.S.G. § 2K2.1 n.1 ("crime of violence" has same meaning as in U.S.S.G. § 4B1.2); U.S.S.G. § 4B1.2(a)(1) (offense is crime of violence if it has as an element the use, attempted use, or threatened use of physical force against the person of another); Mo. Rev. Stat. § 575.270.1(1) (2000 & Supp. 2005) (person tampers with witness if he induces witness by threatening or causing harm to any person); Fed. R. Crim. P. 32(i)(3)(A) (district court may accept any undisputed portion of PSR as finding of fact); United States v. McCall, 439 F.3d 967, 974 (8th Cir. 2006) (en banc) (when statute punishes both violent and non-violent conduct, courts may look to charging document; unobjected-to PSR description of charging document may be relied on).

We also find that the sentence is reasonable. See United States v. Booker, 543 U.S. 220, 258-62 (2005) (district courts must consult Guidelines and take them into account when sentencing along with other § 3553(a) factors; § 3553(a) factors guide

inquiry as appellate courts review sentences to determine whether they are reasonable); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (sentence within Guidelines range is presumptively reasonable, and defendant must rebut such presumption), cert. denied, 126 S. Ct. 840 (2005).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues suitable for appeal. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____