# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3287

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Jimmie J. Caldwell, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 17, 2006
Filed: August 22, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jimmie J. Caldwell (Caldwell) pled guilty to three counts of distributing 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court[1] imposed concurrent sentences of 188 months' imprisonment and 8 years' supervised release. On appeal, Caldwell's counsel moved to withdraw, and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing: (1) the district court erred in enhancing Caldwell's sentence under U.S.S.G. § 3C1.2 for recklessly

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

creating a substantial risk of death or serious bodily injury to another person; and (2) the court imposed an unreasonable sentence. We reject each argument and affirm.

The testimony at Caldwell's sentencing hearing showed, in the course of fleeing from law enforcement officers to evade his arrest on the instant offense, Caldwell was speeding in his car and driving erratically on a congested highway. We conclude the district court did not clearly err in applying the section 3C1.2 enhancement. See United States v. St. James, 415 F.3d 800, 806 (8th Cir. 2005) (finding section 3C1.2 enhancement was not clearly erroneous where evidence showed defendant drove car erratically at high speeds on congested streets, thereby placing both law enforcement personnel and public in danger).

Additionally, Caldwell's sentence was not unreasonable or an abuse of discretion. The district court took the advisory Guidelines range into account–along with other 18 U.S.C. § 3553(a) sentencing factors, and Caldwell's arguments for a variance–in sentencing Caldwell within the Guidelines range. Nothing in the record indicates the court failed to consider a relevant factor, gave significant weight to an improper or irrelevant factor, or made a plain error of judgment. See United States v. Booker, 543 U.S. 220, 260-61 (2005) (stating section 3553(a) will guide appellate courts in determining whether sentence is unreasonable); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (explaining a sentence within applicable Guidelines range is presumptively reasonable and burden is on defendant to rebut that presumption), cert. denied, 126 S. Ct. 840 (2005); United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir.) (standard of review; defining abuse of discretion), cert. denied, 126 S. Ct. 276 (2005).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issue. Accordingly, we affirm, and grant counsel's motion to withdraw.

_____