# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3253

_____

United States of America,

        Appellee,

v.

Victoriano Tojil Lopez,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: July 6, 2007
Filed: July 23, 2007

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Victoriano Tojil Lopez appeals the 57-month prison sentence imposed by the district court[1] after he pleaded guilty to unlawful reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2), and 6 U.S.C. §§ 202(3), 202(4), and 557. Lopez argues on appeal that his sentence is unreasonable because the district court did not specifically address the factors under 18 U.S.C. § 3553(a) and failed to fully consider what sentence would be "sufficient but not greater than necessary." We affirm.

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

We presume that a sentence within the advisory guideline range is reasonable. United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005); see Rita v. United States, 127 S. Ct. 2456, 2462 (2007). In performing its analysis under section 3553(a), a district court need not recite the statute or "categorically rehearse" each of the factors. See United States v. Dieken, 432 F.3d 906 F.3d 906, 909 (8th Cir.), cert. denied, 127 S. Ct. 163 (2006). The district court in this case had information before it on the factors relevant to its section 3553(a) analysis, and specifically concluded that the sentence was sufficient but not greater than necessary to meet statutory sentencing goals. Further, the court discussed the problem of sentencing disparities among districts with respect to "fast track" departures for immigration offenses, see U.S.S.G. § 5K3.1, and commented on Lopez's criminal history, which the court found to be serious. Lopez has not demonstrated that the court based its sentence on an "improper or irrelevant factor" or neglected "to consider a relevant factor." See Lincoln, 413 F.3d at 717. We find no abuse of discretion in the court's decision and conclude that Lopez's sentence is not unreasonable.

Accordingly, the judgment is affirmed.

_____