# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2763

_____

United States of America,           *
                                    *
            Appellee,               *
                                    *    Appeal from the United States
        v.                          *    District Court for the
                                    *    Northern District of Iowa.
Lamarr Dremell Parks,               *
                                    *        [UNPUBLISHED]
            Appellant.              *

_____

Submitted: August 7, 2007
Filed: August 20, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Lamarr Dremell Parks (Parks) appeals the concurrent 97-month prison sentences imposed by the district court[1] after Parks pled guilty to three counts of distributing and aiding and abetting the distribution of crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 860, and 18 U.S.C. § 2. Parks's challenge is based on the 100 to 1 ratio for quantities of powder cocaine and crack cocaine reflected in the Guidelines sentencing ranges for the two drugs. Parks argues the district court erred by failing to impose a sentence below the advisory

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Guidelines range on the basis of this disparity, and Parks's sentence is unreasonable in light of the particular facts of his crack cocaine transactions.

Parks's sentencing-disparity argument is foreclosed by United States v. Spears, 469 F.3d 1166, 1176 (8th Cir. 2006) (en banc) (concluding neither United States v. Booker, 543 U.S. 220 (2005), nor 18 U.S.C. § 3553(a) authorizes district courts to reject the 100 to 1 ratio), petition for cert. filed, (U.S. Mar. 2, 2007) (No. 06-9864). Further, we conclude Parks's sentence at the bottom of the Guidelines range is not unreasonable because the district court considered only relevant factors, including Parks's history and characteristics, as well as Parks's argument at sentencing regarding the nature of his offenses, and gave such factors appropriate weight. See United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (explaining a sentence is reviewed for abuse of discretion, which may occur if the court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or considered only appropriate factors but committed a clear error of judgment in weighing them); see also United States v. Johnson, 474 F.3d 515, 522 (8th Cir. 2007) (holding sentence for conspiring to distribute crack cocaine was not unreasonable when the court refused to consider the disparity between penalties for distributing crack versus powder cocaine under the Guidelines; neither Booker nor § 3553(a) authorizes district courts to reject the 100 to 1 quantity ratio mandated by Congress and reflected in the Guidelines). Parks has not identified any section 3553(a) factor the district court improperly weighed or any irrelevant factor upon which the court unduly relied. See United States v. Lincoln, 413 F.3d 716, 717 (8th Cir.), cert. denied, 126 S. Ct. 840 (2005). Thus, Parks has "failed to rebut the presumption of reasonableness that attaches to his sentence." Id.

We affirm.

_____