# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2731

_____

United States of America,

           Appellee,

v.

Gordon David Reese,

           Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Minnesota.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: August 31, 2007
Filed: September 13, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Gordon David Reese appeals the 363-month prison sentence the district court[1] imposed after a jury found him guilty of conspiring to distribute or possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846; possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1); being an armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1); and committing assault resulting in

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

bodily injury, in violation of 18 U.S.C. §§ 113(a)(4), 1153(a). Reese asked the court to sentence him below the advisory guidelines range of 360 months' to life imprisonment that resulted from his status as a career offender. See USSG § 4B1.1. He now argues his sentence is unreasonable given the mandate of 18 U.S.C. § 3553(a) to impose a sentence that is "not greater than necessary," and given relevant section 3553(a) factors, especially what he asserts is a criminal history category that over-represents the seriousness of his criminal history.

The record reflects that the district court considered Reese's background and other relevant factors, including the circumstances of the instant offenses and the career-offender predicate offenses, and found that his sentence was sufficient but not greater than necessary to satisfy the goals of sentencing. We find no abuse of discretion in the court's selection of a sentence at the low end of the advisory guidelines range, and we conclude that the sentence is not unreasonable. See Rita v. United States, 127 S. Ct. 2456, 2462-65 (2007); United States v. Lincoln, 413 F.3d 716, 717 (8th Cir.), cert. denied, 546 U.S. 1081 (2005); United States v. Haack, 403 F.3d 997, 1002-04 (8th Cir.), cert. denied, 546 U.S. 913 (2005).

Accordingly, the judgment is affirmed.

_____