# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1260

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Eric V. Miller, | * | District of Nebraska. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: November 15, 2007
Filed: November 30, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Eric Miller challenges the reasonableness of the 188-month prison sentence imposed by the district court[1] after he pleaded guilty to possessing with intent to distribute in excess of 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). For reversal, Miller argues the district court erred by giving determinate weight to the advisory Guidelines without considering and appropriately weighing the other factors in 18 U.S.C. § 3553(a), which favored a lower sentence.

_____

[1]The Honorable Joseph F. Battalion, Chief Judge, United States District Court for the District of Nebraska.

At sentencing, Miller moved for a downward departure under U.S.S.G. § 4A1.3, arguing that his career offender status overstated his criminal history. The district court denied Miller's motion upon finding that such a departure was unjustified, and this clearly discretionary decision is unreviewable on appeal. See United States v. Frokjer, 415 F.3d 865, 875 (8th Cir. 2005).

We further conclude that the district court did not abuse its discretion in sentencing Miller at the bottom of the advisory Guidelines range, see United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005) (standard of review), because Miller has not rebutted the presumption of reasonableness accorded to within-Guidelines-range sentences by showing that the district court failed to consider a relevant factor, gave weight to an improper or irrelevant factor, or committed a clear error of judgment, see Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007) (allowing appellate presumption of reasonableness for sentences within Guidelines range); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir. 2005) (defendant bears burden to rebut presumption of reasonableness for within-Guidelines-range sentence); Haack, 403 F.3d at 1004 (standard for abuse of discretion).

Finally, our review of the record convinces us that the district court adequately considered and appropriately weighed the section 3553(a) factors without viewing the Guidelines as determinative. See 18 U.S.C. § 3553(a); Rita, 127 S. Ct. at 2469 (district court's sentencing analysis was legally sufficient when record showed that court listened to each argument and considered evidence in support of sentence below advisory Guidelines range, even though court did not elaborate on its reasons); United States v. Dieken, 432 F.3d 906, 909 (8th Cir.) (in performing its analysis under § 3553(a), district court was not required to recite statute or "categorically rehearse" each factor), cert. denied, 127 S. Ct. 163 (2006).

Accordingly, we affirm.

_____