# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2594

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Northern District of Iowa. |
| Herbert O'Shay Cunningham, also | * |
| known as Swerve, | *   [UNPUBLISHED] |
| | * |
| Appellant. | * |

_____

Submitted: June 5, 2008
Filed: June 12, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Herbert Cunningham appeals the 188-month prison sentence the district court[1] imposed following his guilty plea to distributing cocaine base after having been convicted of one or more felony drug offenses, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 851. Cunningham stipulated in his plea agreement that he was subject to sentencing as a career offender. See U.S.S.G. § 4B1.1. He now argues that the sentence is unreasonable because it rests on an overstated criminal history and

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

improper consideration of juvenile offenses; and is unconstitutional because the district court afforded the Guidelines a presumption of reasonableness.

On appeal, Cunningham's sentence at the bottom of the advisory Guidelines range is presumptively reasonable.  See United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir. 2005); see also Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (approving appellate presumption of reasonableness).  We conclude that the record does not support Cunningham's arguments.  Rather, the record demonstrates that the district court properly considered all applicable statutory sentencing factors, including Cunningham's extensive criminal history--which the court found was not overstated-- and his high risk for recidivism; and that it did not afford the Guidelines provisions a presumption of reasonableness, but treated them as only one factor.  See 18 U.S.C. § 3553(a); United States v. Wadena, 470 F.3d 735, 737 (8th Cir. 2006) (appellate court reviews sentence for reasonableness, which requires reviewing court to ask whether district court abused its discretion); United States v. Swehla, 442 F.3d 1143, 1146 (8th Cir. 2006) (district court did not err in basing sentence on career-offender stipulation and overall criminal record, including crimes committed when defendant was juvenile); United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (stating ways in which abuse of discretion may occur).

Accordingly, we affirm the judgment, and we deny Cunningham's motions for appointment of new counsel.

_____