# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 07-3683

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of Minnesota. |
| Juan Jesus Hernandez-Zuniga, also | * |
| known as Juan Guillermo Martinez-Martinez, | * |
| | *   [UNPUBLISHED] |
| | * |
| Appellant. | * |

———————

Submitted: June 12, 2008
Filed: February 17, 2009

———————

Before LOKEN, Chief Judge, COLLOTON, Circuit Judge, and PIERSOL,[1] District Judge.

———————

PER CURIAM.

Juan Jesus Hernandez-Zuniga pled guilty to illegal re-entry after a previous removal from the United States, and after a prior conviction for an aggravated felony,

———————

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

in violation of 8 U.S.C. § 1326(a)(2) and (b)(2). The district court[2] determined that the advisory sentencing range under the United States Sentencing Guidlines was 57 to 71 months' imprisonment, and after considering the factors set forth in 18 U.S.C. § 3553(a), imposed a sentence of 57 months. Hernandez-Zuniga argues that the sentence is substantively unreasonable. We affirm.

We review the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard. *United States v. Gall*, 128 S. Ct. 586, 591 (2007). While acknowledging that the district court correctly calculated the advisory guideline range, Hernandez-Zuniga contends that the court should have imposed a more lenient sentence, because the guidelines overstated the severity of his criminal history, and because the motivation for his illegal reentry was a desire to be with his family and to support his children. Hernandez-Zuniga's criminal history included prior convictions for possession of marijuana in 2001, assault in the second degree with a dangerous weapon in 2002, fifth degree possession of drugs in 2003, and he committed the instant offense while on supervision for the 2003 offense. As a result, the probation office correctly scored Hernandez-Zuniga as a criminal history category IV, but he urged that treatment as a Category III offender was more appropriate. The record also shows that Hernandez-Zuniga had been deported to Mexico twice before, once in 1997, and once in 2002, after he reentered illegally and sustained the conviction for assault with a dangerous weapon.

At sentencing, the district court rejected the arguments for leniency, stating as follows:

> I certainly respect a father's responsibility and wanting to be with children, that's the responsibility of a father. The fact is, the revolving door kept revolving and revolving and revolving, has come to an end.

---

[2]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

-2-

It's as simple as that. You're committing crimes right and left, and you've been ordered out of this country and back you come, and that gets the attention of the courts and it's got my attention, and it's wrong. It needs to deter you from doing this, it needs to deter others from doing the same thing. And so, that's why the sentence that's imposed in this matter is imposed.

Hernandez-Zuniga contends that the district court gave too much weight to the factors of deterrence and punishment under § 3553(a), and that because a sentence of 40 months' imprisonment would have been sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2), the court abused its discretion. We disagree. The sentence imposed was within the advisory range recommended by the Sentencing Commission, and we therefore presume that it is reasonable. *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005); *see Rita v. United States*, 127 S. Ct. 2456, 2462-68 (2007). The district court's decision to place greater emphasis on the need to provide just punishment and to afford adequate deterrence under the facts of this case is a permissible exercise of the considerable discretion that a sentencing court enjoys under the Supreme Court's decisions in *Gall* and *United States v. Booker*, 543 U.S. 220 (2005). We therefore conclude that the sentence is substantively reasonable, and discern no abuse of discretion.

Affirmed.

_____