# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2043

_____

United States of America,

        Appellee,

v.

James Frank Moore,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: December 13, 2010
Filed: December 27, 2010

_____

Before LOKEN, ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

James Frank Moore appeals the thirteen-month term of imprisonment he received after violating the terms of his supervised release. He contends the district court[1] abused its discretion by selecting a term of thirteen months. We affirm.

Moore pleaded guilty to transporting firearms unlawfully and was sentenced to twenty-four months of imprisonment followed by three years of supervised release. Eight months after he began serving his term of supervised release, the government

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

moved to revoke supervised release alleging Moore had committed ten violations. After an evidentiary hearing, the district court determined Moore had committed three violations of supervised release. The three violations were considered Grade C violations under United States Sentencing Guidelines Manual (U.S.S.G.) § 7B1.1. Based on Moore's criminal history, the Grade C violations triggered an advisory guidelines range of 7-13 months pursuant to U.S.S.G. § 7B1.4.

After "considering all of the statutory factors" under 18 U.S.C. § 3553(a), the district court stated a "concern[] about Mr. Moore's lack of progress while on supervised release, his failure to comply with the directives of the probation officer and to participate in the rehabilitation programs and also his contacts with law enforcement." The district court then chose to "impose a guideline sentence" of thirteen months.

Moore contends the district court erred by not fully considering all of the factors set forth in § 3553(a) and abused its discretion by imposing an excessive and unreasonable sentence. More specifically, Moore asserts the district court failed to account for the "technical" nature of the Grade C violations and overlooked his successes while on supervised release, such as being employed, being enrolled in college, and testing negative for drugs throughout the duration of his supervised release.

Reviewing the sentence for reasonableness (a standard akin to abuse of discretion), United States v. Gallegos, 480 F.3d 856, 858 (8th Cir. 2007), we find no grounds for reversing Moore's sentence. Our review of the record reflects "the district court considered the defendant's circumstances, the § 3553(a) factors, and the advisory guidelines range." United States v. Swehla, 442 F.3d 1143, 1145 (8th Cir. 2006). The district court then chose a sentence within the advisory guidelines range, which is presumed reasonable. Id. In addition, "[n]othing in the record suggests that the district court based its sentence on an 'improper or irrelevant factor' or neglected 'to

consider a relevant factor.'" <u>United States v. Lincoln</u>, 413 F.3d 716, 717 (8th Cir. 2005) (quoting <u>United States v. Haack</u>, 403 F.3d 997, 1004 (8th Cir. 2005)).  Other than his claim the district court should have imposed a lesser sentence based on certain aspects of his history, characteristics, and the circumstances surrounding the offense, 18 U.S.C. § 3553(a)(1), Moore "offer[s] nothing to indicate that his sentence offends the § 3553(a) factors." <u>United States v. Mykytiuk</u>, 415 F.3d 606, 608 (7th Cir. 2005).

Accordingly, we affirm.

_____