# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-3199

_____

United States of America

*Plaintiff - Appellee*

v.

Charles Robert Evans

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: March 21, 2022
Filed: March 24, 2022
[Unpublished]

_____

Before GRUENDER, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Charles Evans appeals the sentence imposed by the district court[1] after he pleaded guilty to drug and firearm offenses. His counsel has moved for leave to

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the sentence was unreasonable. Evans has filed a pro se brief challenging the plea.

Upon careful review, we conclude that the district court did not err in imposing a sentence within the Guidelines range. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (in reviewing sentences, appellate court first ensures no significant procedural error occurred, then considers substantive reasonableness of sentence under abuse-of-discretion standard); <u>United States v. Lincoln</u>, 413 F.3d 716, 717 (8th Cir. 2005) (sentence within Guidelines range is presumptively reasonable). We further conclude that Evans cannot challenge his plea on appeal, as he did not move to withdraw the plea below, <u>see</u> <u>United States v. Umanzor</u>, 617 F.3d 1053, 1060 (8th Cir. 2010), and that Evans cannot pursue an ineffective-assistance claim on direct appeal, as the record is not fully developed, <u>see</u> <u>United States v. Oliver</u>, 950 F.3d 556, 566 (8th Cir. 2020) (appellate court normally defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings; review on direct appeal is appropriate only where record is fully developed on specific issue of ineffective assistance, where not to act would amount to plain miscarriage of justice, or where counsel's error is readily apparent).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. The judgment is affirmed, and counsel's motion to withdraw is granted.

_____