# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3493

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Marlon J. Bradford, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 16, 2006
Filed: May 11, 2006

_____

Before WOLLMAN and RILEY, Circuit Judges, and ROSENBAUM,[1] District Judge.

_____

WOLLMAN, Circuit Judge.

The government appeals the sentence of thirty-six months' imprisonment imposed by the district court on Marlon J. Bradford, arguing that it is unreasonable. We vacate the sentence and remand to the district court for resentencing.

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

Bradford was arrested on March 21, 2003, on an outstanding warrant. In Bradford's car, the officers found a .380 caliber pistol under the driver's seat and seventeen plastic bags containing nearly four kilograms of marijuana in the trunk. A federal grand jury indicted Bradford on three counts: being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One); possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3). Pursuant to a plea agreement with the government, Bradford pleaded guilty to Counts One and Two, and the government dismissed the charges in Count Three.

Bradford has a number of prior criminal convictions, all in the Missouri state courts. On February 4, 1991, he was arrested for beating a man with a baseball bat. He was convicted of assault in the second degree and received a sentence of three years' probation. On July 11, 1992, he was arrested for disturbing the peace and trespassing on private property. He was convicted of both charges and received a fine and two years of unsupervised probation. On January 25, 1993, he was arrested for allegedly choking his mother, hitting her in the back of the head with a large vase, throwing her down the stairs, kicking her in the chest, head, and stomach, and striking her in the head, shoulders, and arms with a phone. He was convicted of assault in the second degree and received a four year suspended prison sentence and five years' probation.

On July 21, 1993, Bradford fired a weapon at a police officer. He was convicted of assault in the first degree and four counts of unlawful use of a weapon. He received a suspended five-year prison sentence and five years of probation. In August 1993, Bradford was arrested for hitting a woman's head against a wall. He was convicted of assault in the third degree and received a suspended 30-day jail

sentence. Finally, on September 1, 1996, Bradford was involved in a disturbance at a theater. Following a struggle with police officers, he eventually was subdued through the use of pepper spray. He received a fine, a suspended 90-day jail sentence, and twenty-four months' unsupervised probation.

Based on this criminal history, Bradford was classified a career offender, and the district court found that his criminal history category was VI. The district court found Bradford's total offense level to be twenty-five, resulting in a guideline range of 110 to 137 months' imprisonment. Neither party challenges this calculation on appeal.

At the sentencing hearing, the district court told Bradford that it was going to deviate from the guideline range:

> [T]his is your last chance, because I'm going to give you some consideration. The Court is going to depart from the guidelines. I'm looking at your relative youth when all these other offenses occurred and the age of them. Even though the last one . . . was nine years ago, and that was disorderly conduct. All your previous offenses have never involved drugs, they involved you misbehaving in some fashion or another. But I think the age and your relative youth as to these items, I think your criminal history is overstated in that regard. So the Court is going to depart.

Sent. Tr. at 10-11. The district court proceeded to sentence Bradford to thirty-six months' imprisonment. No other justification was given for the decision to vary from the guideline range or the extent of the variance.

## II.

When there is no dispute about the applicable guideline range, the issue we examine on appeal is whether the sentence imposed is "reasonable" in light of the

factors articulated in 18 U.S.C. § 3553(a). <u>United States v. Haack</u>, 403 F.3d 997, 1003 (8th Cir. 2005). We review the district court's decision for abuse of discretion. <u>United States v. Dalton</u>, 404 F.3d 1029, 1032 (8th Cir. 2005). A discretionary sentencing ruling may be unreasonable if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment by arriving at a sentence outside the limited range of choice dictated by the facts of the case. <u>Haack</u>, 403 F.3d at 1004.

The guideline range, though advisory, is presumed to be reasonable. <u>United States v. Lincoln</u>, 413 F.3d 716, 717 (8th Cir. 2005). Sentences deviating from the guideline range can be reasonable so long as the judge offers appropriate justification under the factors specified in Section 3553(a). <u>United States v. Claiborne</u>, 439 F.3d 479, 481 (8th Cir. 2006). The further the district court varies from the presumptively reasonable guideline range, the more compelling the justification based on those factors must be. <u>United States v. McMannus</u>, 436 F.3d 871, 874 (8th Cir. 2006). An extraordinary reduction must be supported by extraordinary circumstances. <u>Dalton</u>, 404 F.3d at 1029.

The thirty-six month sentence imposed in this case represents a sixty-seven percent downward variance from the bottom of the applicable advisory guideline range. While we do not require a rote recitation of each § 3553(a) factor, the court should explain both the decision to vary and the extent of the variance. <u>United States v. Gatewood</u>, 438 F.3d 894, 896 (8th Cir. 2006). The district court's discussion of Bradford's criminal history is certainly relevant to "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). No other factors, however, were discussed by the district court to justify this sentence.

The district court's observation that Bradford's criminal history score overstated his actual criminal history does not support this extraordinary variance. It

is true that Bradford's most recent felony conviction occurred nearly ten years before the arrest in this case. That fact, however, even combined with some evidence of good behavior by Bradford in the interim, does not entirely eliminate Bradford's criminal history. But even if Bradford had no criminal history and were placed in a criminal history category of I, his total offense level of twenty-five would leave him with an applicable guideline range of fifty-seven to seventy-one months. The thirty-six month sentence imposed would still be a thirty-six percent variance from the bottom of the guideline range.

Although the sentencing guidelines are no longer mandatory, they must be considered by the district court in fashioning an appropriate sentence. We are still operating "within the framework of an advisory guideline scheme designed to reduce unwarranted sentencing disparities among similar defendants." United States v. Saenz, 428 F.3d 1159, 1162 (8th Cir. 2006). It is not reasonable to expect that other similarly situated defendants are receiving similar extraordinary reductions. Cf. Gatewood, 438 F.3d at 897 (holding sentence unreasonable when it fails to avoid unwarranted sentencing disparity among defendants with similar criminal histories who commit similar crimes); United States v. Lazenby, 439 F.3d 928, 933 (8th Cir. 2006) ("[T]he . . . sentence is unreasonable because it results in unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct.").

The district court did not indicate that it considered any factors other than the defendant's criminal history. In light of the other § 3553(a) factors, such as the nature and circumstances of the offense, the need of the sentence to reflect the seriousness of the offense and to provide just punishment, the applicable guideline range, and the need to avoid unwarranted sentencing disparities, we find nothing in the record that would justify a thirty-six month sentence in this case.

The sentence is vacated, and the case is remanded to the district court for resentencing in accordance with this opinion.

_____