# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2991

_____

United States of America,                   *
                                            *
          Appellant,                        *
                                            *     Appeal from the United States
     v.                                     *     District Court for the
                                            *     Western District of Missouri.
Mark A. Medearis,                           *
                                            *
          Appellee.                         *

_____

Submitted: April 19, 2006
    Filed:   June 27, 2006

_____

Before ARNOLD, LAY, and COLLOTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Mark Medearis pleaded guilty to possession of a firearm by an unlawful user of a controlled substance, *see* 18 U.S.C. § 922(g)(3), possession of an unregistered short-barreled shotgun, *see* 26 U.S.C. §§ 5841, 5845(a), 5861(d), and possession of a stolen firearm, *see* 18 U.S.C. § 922(j). The district court sentenced Mr. Medearis to five years of probation. The United States appeals, contending that the sentence is unreasonable. We remand for re-sentencing.

Pursuant to a valid warrant, local and federal officials searched Mr. Medearis's premises for stolen property. There they found, among other items, a short-barreled shotgun that was not registered to Mr. Medearis in the National Firearms Registration

and Transfer Record as required by § 5841 and § 5845(a)(1), a Savage 30-06 caliber bolt-action rifle that had been reported stolen, and some marijuana and methamphetamine. Mr. Medearis admitted to law-enforcement officials that he used both drugs. After being indicted, he pleaded guilty to all counts.

The probation office prepared a pre-sentence report that calculated Mr. Medearis's sentencing range as forty-six to fifty-seven months' imprisonment. The district court at sentencing first noted the applicable range, but then mentioned that many of Mr. Medearis's friends and family members had written the court, contending that Mr. Medearis had turned his life around and asking for some form of community alternative to incarceration. The court stated that it believed these letters and was convinced that Mr. Medearis had indeed reformed; it acknowledged the seriousness of Mr. Medearis's offenses, but concluded that incarceration was not necessary to keep Mr. Medearis from re-offending. The court therefore sentenced Mr. Medearis to five years of probation for each count, to be served concurrently.

The government argues on appeal that the district court abused its discretion in sentencing Mr. Medearis to probation. When the district court has correctly calculated the guidelines sentencing range, as it did here, the only remaining issue is whether the ultimate sentence is reasonable. *United States v. Booker*, 543 U.S. 220, 261-62 (2005). Our review for reasonableness is akin to what we do under an abuse-of-discretion standard. *United States v. Goody*, 442 F.3d 1132, 1134 (8th Cir. 2006). Thus a sentencing court may act unreasonably if it fails to consider a matter of relative importance, gives significant weight to an improper or irrelevant matter, or arrives at a sentence outside of the range justified by the facts of the case. *See United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 276 (2005).

A sentence within the applicable guideline range is presumptively reasonable. *United States v. Lincoln*, 413 F.3d 716, 717-18 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 840 (2005). When a district court wishes to impose a sentence outside that range, it

must justify the variance on the basis of the matters listed in 18 U.S.C. § 3553(a). As the size of the variance grows, so too must the reasons that warrant it. *United States v. Larrabee*, 436 F.3d 890, 892 (8th Cir. 2006). And if a court imposes a sentence dramatically lower or higher than what the guidelines recommend, it must show exceptional facts that make the proposed sentence a reasonable one. *See id.*

Mr. Medearis contends that the government's position is that any sentence that varies from the sentencing guidelines is unreasonable. We do not construe the government's argument to be so broad as that. Instead, the government merely argues that the district court should give the sentencing guidelines considerable weight when deciding the ultimate sentence that should be imposed. Indeed, this argument seems entirely correct, since § 3553(a)(4) requires courts to consider the guidelines range when sentencing a defendant. But to consider the guidelines is not to be ruled by them. As we indicated in *Lincoln*, 413 F.3d at 718, a defendant may rebut the presumption that a guideline sentence is reasonable. In fact, district courts must vary from the guidelines range in those "highly unusual circumstances" where other § 3553(a) matters would render a sentence within them unreasonable. *United States v. Lazenby*, 439 F.3d 928, 933 (8th Cir. 2006).

After reviewing the facts of this case, we conclude that the district court abused its discretion by sentencing Mr. Medearis to only five years of probation. At the sentencing hearing, the district court considered some § 3553(a) matters, such as the need to keep Mr. Medearis from committing further crimes. But the court paid little notice to other relevant matters, such as the requirement in § 3553(a)(2)(B) that a sentence should deter others from committing similar crimes. Indeed, the district court explicitly noted that a sentence of probation "would do little to deter others," but thought probation would be sufficient to keep Mr. Medearis from re-offending. General deterrence, however, is one of the key purposes of sentencing, and the district court abused its discretion when it failed to give that matter its proper weight.

In addition, we believe that the district court abused its discretion in not giving proper weight to the seriousness of Mr. Medearis's offenses. Law-enforcement officers found stolen property throughout Mr. Medearis's residence, including a high-powered rifle; and federal law strictly regulates the possession of short-barreled shotguns because such weapons are easily concealed and extraordinarily lethal. The risk that the rifle and the shotgun posed, moreover, was considerably increased by Mr. Medearis's use of illegal drugs such as methamphetamine. In all, the offenses to which Mr. Medearis pleaded guilty to were of a very serious nature. The district court stated that had this been the only matter, it would have sentenced Mr. Medearis to the guidelines range. But to impose a sentence of only probation indicates that the district court paid too little attention to the seriousness of Mr. Medearis's crimes and what a just punishment for those offenses should be.

Finally, the district court's sentence of probation fails to meet the requirement that sentences are to be crafted so as to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Other defendants who plead guilty to the conduct that Mr. Medearis admitted will almost certainly receive sentences that include some term of incarceration.

While Mr. Medearis's rehabilitation may well be entitled to some weight, it cannot be allowed to trump all the other considerations listed in § 3553(a). We therefore conclude that the district court imposed an unreasonable sentence in this case, and we vacate the judgment of the district court and remand for re-sentencing consistent with this opinion.

LAY, Circuit Judge, dissenting.

I respectfully dissent.  In this case, the district court applied the post-*Booker* sentencing approach our court prescribed in *United States v. Haack*, 403 F.3d 997 (8th Cir. 2005), and reached the reasonable conclusion that Medearis should be sentenced to five years' probation.

Section 3553(a) requires a district court to "impose a sentence no greater than necessary to account for the nature and seriousness of the offense and the defendant's history and characteristics, as well as to provide just punishment, to protect the public, and to avoid unwanted sentencing disparities." *United States v. Tabor*, 439 F.3d 826, 831 (8th Cir. 2006).  "Sentences varying from the guidelines range ... are reasonable so long as the judge offers appropriate justification under the factors specified in 18 U.S.C. § 3553(a)."  *United States v. Lazenby*, 439 F.3d 928, 932 (8th Cir. 2006) (citation and quotations omitted).

At the sentencing hearing, Medearis presented evidence that he tested negatively for drug use since his arraignment, maintained a job, joined a church, and grew closer to his family.  He also provided the court with a number of letters from friends and family members corroborating the turnaround of his life.  The district court noted that Medearis' crimes were "serious" and observed that if this was the only factor to consider, Medearis should be sentenced in the guidelines range.  However, in considering the other § 3553(a) factors, the district court concluded incarceration was not required to deter Medearis from committing subsequent crimes or to protect the public.  In the written "Statement of Reasons," the district court observed the decision to depart from the guidelines was based on the "lack of a need to deter defendant from re-offending, his personal characteristics, his strong community and family support, and the lack of a need to protect the public."

The district court followed precisely the procedure required by our court. After calculating Medearis' advisory guideline range to be 46 to 57 months' imprisonment, the court then considered "all other factors set forth in § 3553(a) to determine whether to impose the sentence under the guidelines or a non-guidelines sentence." *Haack*, 403 F.3d at 1003. A district court bears the obligation to depart from the guidelines range when a review of the § 3553(a) factors compels a different sentence. Our court's obligation is to give the district court's determination the same amount of deference whether the resulting sentence is greater than, or less than, the guidelines range.

Sentencing courts have the unique ability to appraise the evidence and personally assess a defendant. A reversal of the district court's reasonable sentence in this case encroaches upon the district court's discretion to do so.

I would affirm Medearis' sentence.

_____