# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1661

_____

United States of America,         *
                                      *

    Appellant,                *

                                      *    Appeal from the United States

v.                          *    District Court for the
                                      *    Northern District of Iowa.

Korey L. Blackford,        *
                                      *

    Appellee.                 *

_____

Submitted: October 18, 2006
Filed: November 30, 2006

_____

Before WOLLMAN, RILEY and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Korey L. Blackford was sentenced to 180 months' imprisonment, based first on a downward variance premised on the factors in 18 U.S.C. § 3553(a) from 262 months to the statutory mandatory minimum of 240 months, followed by a 25 percent departure below the statutory mandatory minimum pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 for substantial assistance. The Government appeals the sentence, arguing that the downward variance was based on an improper factor and that the district court erred in applying a variance before completing the guidelines departure portion of the advisory guidelines range calculation. We vacate the sentence and remand for resentencing.

Blackford was indicted on one count each of conspiracy to distribute 500 grams or more of a mixture or substance containing at least 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and possession with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The Government later gave notice pursuant to 21 U.S.C. § 851 that Blackford was subject to an increased mandatory minimum sentence of 240 months due to a 1994 felony drug-trafficking conviction. Blackford agreed to cooperate with the Government in its ongoing investigations. The agreement did not purport to give Blackford immunity from sentencing enhancements for any self-incriminating conduct disclosed in the course of his debriefing. Blackford eventually pled guilty to both counts under the terms of a plea agreement, and the plea agreement expressly stated that the information Blackford provided in the course of his cooperation "may and will be used . . . by the court . . . to determine the length of the defendant's sentence." Plea Agreement ¶ 8.

In the course of his cooperation, Blackford disclosed that he had personally trafficked large amounts of methamphetamine. He stipulated that he was responsible for at least 1.5 kilograms of methamphetamine "ice," *see* U.S.S.G. § 2D1.1(c) note (C), resulting in a base offense level of 38 under U.S.S.G. § 2D1.1. After a three-level reduction for acceptance of responsibility, and with a criminal history category of V, Blackford's advisory guidelines sentencing range was 262 to 327 months' imprisonment. The parties agree that, absent the drug quantity Blackford disclosed in the course of his cooperation and to which he then stipulated, the lower end of his advisory guidelines range would have been the statutory mandatory minimum of 240 months.

At Blackford's sentencing hearing, the Government made substantial assistance motions under both U.S.S.G. § 5K1.1 (authorizing the court to depart below the otherwise-applicable guidelines range) and 18 U.S.C. § 3553(e) (authorizing the court to depart below the statutory mandatory minimum) and recommended a 20 percent

reduction from 262 months. Before ruling on those motions, the district court sua sponte discussed U.S.S.G. § 1B1.8, under which the Government may agree, as part of a defendant's cooperation agreement, that any self-incriminating information disclosed through the defendant's cooperation "shall not be used in determining the applicable guidelines range, except to the extent provided in the agreement." Although the district court recognized that the Government and Blackford had not reached such an agreement to exclude such incriminating information in this case, the district court stated that "it's only fair to give the defendant the benefit of the 1B1.8 protection because . . . I believe there's over 90 districts that do give the defendant the benefit of the 1B1.8 protection" and "it's well within my discretion as a variance." Sent. Trans. at 20. Consequently, citing its discretion to apply the factors listed in 18 U.S.C. § 3553(a), the district court varied from 262 months to the 240-month mandatory minimum. Next, the district court granted a 25 percent downward departure from 240 months to 180 months based on Blackford's substantial assistance.

The Government appeals, arguing that (1) the 22-month downward variance is unreasonable because disagreement with the Government's decision not to make an agreement under § 1B1.8 is not a proper factor upon which to base a variance, and (2) the district court erred in applying a variance based on the § 3553(a) factors before completing the departure portion of the advisory guidelines range calculation.

We review a district court's decision to grant a variance for reasonableness, a standard that we have equated with abuse of discretion. *United States v. Ture*, 450 F.3d 352, 356 (8th Cir. 2006). As a result,

> A discretionary sentencing ruling . . . may be unreasonable if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless

commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case.

*United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005).

We find that the district court gave significant weight to an improper factor by attempting to give Blackford the benefit of a § 1B1.8 sentencing-immunity provision, despite the fact that the Government and Blackford did not include such a provision in their cooperation agreement. The district court implicitly referred to a valid factor—the presumed sentencing disparities, *see* § 3553(a)(6), created by the Government's discretionary use of § 1B1.8 sentencing-immunity provisions in only selected cooperation agreements. However, we rejected the proposition that sentencing disparities arising from the Government's discretionary use of § 1B1.8 agreements are unwarranted in *United States v. Buckendahl*, 251 F.3d 753 (8th Cir. 2001). We recognized that "the [United States Sentencing] Commission intended a decision about entering into [§ 1B1.8] agreements to be left to the prosecutor's discretion" and found that "any disparities arising from appropriate prosecutorial practices (or sentences resulting from those practices) are justified." *Id.* at 761.

Although *Buckendahl* addressed the use of downward departures to circumvent disparities created by the Government's discretionary use of § 1B1.8 agreements, its logic applies equally to the use of variances. Because any sentencing disparities resulting from the Government's discretionary use of § 1B1.8 agreements are "justified," *Buckendahl*, 251 F.3d at 761, the variance imposed here does not address "the need to avoid *unwarranted* sentence disparities," § 3553(a)(6) (emphasis added). Moreover, the preservation of prosecutorial discretion in applying § 1B1.8 is a broad-based policy enunciated by the Commission, and a sentencing court's disagreement with such a policy is an improper factor upon which to base a variance. *See United States v. Sebastian*, 436 F.3d 913, 916 (8th Cir. 2006) (stating that sentencing disparities arising from fast-track programs are not unwarranted); *see also United States v. Moreland*, 437 F.3d 424, 437 (4th Cir. 2006) ("To the extent that the

sentence imposed by the district court rests on a rejection of congressional policy . . . it is subject to reversal on that basis alone."); *United States v. Pho*, 433 F.3d 53, 65 (1st Cir. 2006) (recognizing that variances may not be based upon "general disagreement with broad-based policies enunciated by Congress or the Commission, as its agent."). In this case, the district court circumvented the Government's decision not to enter into a § 1B1.8 sentencing immunity agreement with Blackford by imposing a downward variance "to give the defendant the benefit of the 1B1.8 protection." Therefore, the district court abused its discretion.

Because we vacate Blackford's sentence due to the improper variance, we are not required to decide whether the district court erred in applying the variance before completing the departure portion of the advisory guidelines range calculation. On remand, however, the district court will have the benefit of our most recent decisions outlining the proper procedure for sentencing:

> Post-*Booker*, district courts must first determine the appropriate sentencing range under the Guidelines because that range is still an important sentencing factor. District courts must then decide if a traditional departure under the Guidelines is appropriate. Finally, once district courts determine the Guidelines sentencing range, courts must consider the § 3553(a) factors to determine a sentence, i.e., courts must decide whether to impose a Guidelines sentence or to vary from the Guidelines range to impose a non-Guidelines sentence.

*Ture*, 450 F.3d at 356 (internal citations omitted).

For the foregoing reasons, we vacate Blackford's sentence and remand to the district court for resentencing consistent with this opinion.

———————————————