# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 06-1595/1807

_____

United States of America,    *

     Appellee/Cross-Appellant,    *

v.    *

Sylvester Richards Gayekpar,    *

     Appellant/Cross-Appellee.    *

Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

_____

Submitted: December 22, 2006
Filed: January 4, 2007

_____

Before WOLLMAN, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Sylvester Richards Gayekpar attacks the constitutionality of 18 U.S.C. § 472 as applied to his conviction for possession of altered United States currency with the intent to defraud. The Government cross-appeals Gayekpar's non-Guidelines sentence as unreasonable. We affirm the district court's judgment of conviction and remand for resentencing.

Gayekpar attempted to defraud an acquaintance, Abdullah Abdullah, with a "black money" scheme. He claimed to have $3 million worth of U.S. currency that

had been covered with a black substance to get it out of Liberia and into the United States. Gayekpar promised to give Abdullah a portion of the cleaned money if Abdullah would help him obtain the $90,000 he allegedly needed to purchase a special chemical used to restore the currency to a useable form. Gayekpar demonstrated the process by purporting to clean some of the blackened money and offered to let Abdullah keep a cleaned $50 bill as a show of good faith. Abdullah was skeptical of Gayekpar and contacted local officials. He eventually worked with the Secret Service, who arrested Gayekpar when he arrived at Abdullah's business to collect $30,000 of baited money. Investigators determined that the "black money" was actually black construction paper.

Gayekpar was charged and convicted by a jury of possessing altered U.S. currency with intent to defraud, in violation of 18 U.S.C. § 472. At the time of Gayekpar's sentencing, he had been in custody for nearly eight months, and the district court sentenced him to "time served." Gayekpar appeals his conviction, and the Government cross-appeals his sentence.

Gayekpar concedes that under Eighth Circuit precedent, his conduct is punishable under § 472. See United States v. Idriss, 436 F.3d 946, 949 (8th Cir. 2006) (holding that blackened currency in an identical scheme was "altered" within the meaning of § 472). He claims, however, that application of the statute to altered genuine currency, as opposed to counterfeit currency, is beyond Congress's enumerated power to punish counterfeiting. See U.S. Const. Art. 1 § 8 cl. 6 (authorizing Congress "[t]o provide for the Punishment of counterfeiting the Securities and current Coin of the United States"). Congress's power over currency is not limited to clause 6, however. Article 1, section 8, clause 5 of the Constitution grants to Congress the power to "coin Money, [and] regulate the Value thereof," which the Supreme Court has interpreted to include "the correspondent and necessary power and obligation to protect and to preserve in its purity this constitutional currency for the benefit of the nation." United States v. Marigold, 50 U.S. (9 How.)

560, 568 (1850) (relying on the broader clause 5 powers, coupled with the Necessary and Proper clause, to uphold a constitutional challenge to Congress's ability to criminalize the passing of counterfeit notes).

Gayekpar did not challenge the constitutionality of § 472 in the district court. We therefore review his challenge for plain error, United States v. Letts, 264 F.3d 787, 789 (8th Cir. 2001) ("We review Letts's constitutional challenges to § 922(g)(3) for plain error, because he did not make those claims in the district court."), cert. denied, 535 U.S. 908 (2002), and will reverse only if application of the statute to Gayekpar's conduct is "so plainly unconstitutional that the failure of the trial court or this Court to hold it so can be regarded as a plain error or a culpable neglect of judicial duty," United States v. White, 890 F.2d 1033, 1034-35 (8th Cir. 1989) (internal marks omitted). Congress's power to regulate the alteration of genuine U.S. currency is part of its broad power "to protect and to preserve in its purity this constitutional currency for the benefit of the nation." Marigold, 50 U.S. at 568; see also United States v. Howell, 470 F.2d 1064, 1066 (9th Cir. 1972) (relying on Marigold and Art. 1, § 8, cl. 5 to uphold 18 U.S.C. § 473, which criminalizes the dealing in counterfeit or altered currency, against a constitutional challenge); Barbee v. United States, 392 F.2d 532, 536 (5th Cir.) (upholding a challenge to altered genuine currency, noting that "because attacks upon the physical integrity of currency in particular may endanger society by depleting the public trust in its economic standard, the government must establish sanctions to discourage such attacks"), cert. denied, 391 U.S. 935 (1968). We uphold Gayekpar's conviction against his constitutional challenge.

Gayekpar has not responded to the government's cross-appeal. At sentencing, the district court adopted the undisputed factual findings contained in the presentence investigation report (PSR), determined an intended loss of $90,000, and calculated his adjusted offense level at a level 15, based on a base offense level of 7, United States Sentencing Guidelines Manual (USSG) § 2B1.1(a)(1), and an 8-level enhancement for an intended loss between $70,000 and $120,000, USSG § 2B1.1(b)(1)(E). Coupled

with a criminal history category of II, Gayekpar faced an advisory Guidelines range of 21 to 27 months of imprisonment. At sentencing, the district court said: "The sentence will incorporate the Supreme Court decisions of last year and will take into consideration paragraph 2 of Section 3553(a), which outlines the duties of the Court in imposing sentence." (Sentencing Tr. at 12.) The district court then sentenced Gayekpar to "time served," or approximately eight months.

When the parties do not dispute the applicable advisory Guidelines range, the issue before this court is whether the district court imposed a reasonable sentence in light of the § 3553(a) factors, which we review for an abuse of discretion. United States v. Bradford, 447 F.3d 1026, 1028 (8th Cir. 2006). A sentence within the properly-calculated advisory Guidelines range is presumptively reasonable, and a sentence outside of that range requires some explanation. Although a rote recitation of the § 3553(a) factors is not required, "the court should explain both the decision to vary and the extent of the variance." Id. (remanding for resentencing where the only factor discussed by the district court did not justify a sentence significantly below the advisory Guidelines range).

In its written statement of reasons filed after the sentencing hearing, the district court listed various statutory factors: §§ 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(6), and (a)(7), without explaining their significance to Gayekpar's case. It is not clear whether the district court adopted any of Gayekpar's arguments at sentencing for a non-Guidelines sentence. Based on the record, however, none of the subsections cited by the district court justifies a sentence thirteen months below the advisory Guidelines range. Some of the subsections cited by the district court do not apply at all; for example, neither restitution under § 3553(a)(7) nor the need for training or medical care under § 3553(a)(2)(D) is at issue in this case. Other cited subsections actually counsel toward a longer rather than a shorter sentence. For example, the lenient sentences (probation for one defendant and six months of imprisonment for the other) originally received by the defendants in Idriss, at least one

of whom reportedly trained Gayekpar in perpetrating the same scheme, apparently failed to deter others, namely Gayekpar, from similar conduct. See § 3553(a)(2)(B) (sentence imposed should afford adequate deterrence). In addition, Gayekpar engaged in the offense conduct less than one year after pleading guilty to committing financial transaction card fraud for stealing and using a VISA debit card and possessing his co-workers' blank checks, for which he spent nine days in jail. See § 3553(a)(1) (history and characteristics of the defendant); § 3553(a)(2)(C) (sentence imposed should protect the public from the defendant). The original sentences received by the defendants in Idriss were reversed on appeal because the district court, acting after Blakely v. Washington, 542 U.S. 296 (2004), and before United States v. Booker, 543 U.S. 220 (2005), did not consider the amount of the loss. See Idriss, 436 F.3d at 951. On remand, those defendants received sentences of six months and eighteen months of imprisonment. Considering Gayekpar's higher criminal history score of II, compared to the criminal history category of I faced by both of the Idriss defendants, a sentence below the advisory Guidelines range was not necessary to avoid unwarranted sentencing disparities. See § 3553(a)(6).

On this record, an unexplained sentence of "time served," resulting in a sentence thirteen months below the 21-month bottom of the presumptively reasonable advisory Guidelines range, is unreasonable where nothing in the record supports it. See United States v. McMannus, 436 F.3d 871, 875 (8th Cir. 2006).

We affirm the judgment of conviction, and we remand for resentencing consistent with this opinion.

_____