# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1893
_____

United States of America,    *
             *
   Plaintiff - Appellant,  *
             *
   v.          *
             *
Anthony Gentile,      *
             *
   Defendant - Appellee. *
             *

_____

No. 06-2269

_____

           Appeals from the United States
           District Court for the
           Eastern District of Missouri.

United States of America,    *
             *
   Plaintiff - Appellant,  *
             *
   v.          *
             *
Sheila Gentile,       *
             *
   Defendant - Appellee. *

_____

Submitted: December 13, 2006
Filed: January 17, 2007

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Anthony and Sheila Gentile, who are brother and sister, both pled guilty to conspiracy to possess pseudoephedrine knowing that it would be used to manufacture methamphetamine. The district court varied from the calculated advisory guideline range of 100 to 125 months to sentence Anthony Gentile to 48 months. After calculating a guideline range of 37 to 46 months for Sheila Gentile, the district court sentenced her to one day of time served and probation. The government appeals both sentences as unreasonable. We reverse.

In February 2003 members of the Saint Louis Methamphetamine Precursor Diversion Task Force (task force) observed Sheila Gentile purchasing pseudoephedrine based products at local pharmacies. When questioned by members of the task force, Ms. Gentile stated that she had intended to deliver the pseudoephedrine to her brother Anthony, an allegation he later denied. Ms. Gentile was again observed gathering pseudoephedrine pills in June 2004, and she stated that she intended to sell them on E-Bay. In October 2004 she was found with more pseudoephedrine pills and drug paraphernalia after a routine traffic stop.

In June 2003 the task force also observed Anthony Gentile making multiple purchases of cold medicine. During a stop of his vehicle, the police observed a number of pill packs in plain view as well as drug paraphernalia. Crime lab tests revealed that the pills contained 83.52 grams of pseudoephedrine. Mr. Gentile stated in a subsequent interview that he intended to exchange the pills for money and for methamphetamine for his personal use. He denied ever manufacturing or distributing methamphetamine.

Sheila and Anthony Gentile were each indicted on one count of conspiracy to possess pseudoephedrine knowing that it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 846. Mr. Gentile was indicted on an additional count of criminal possession of pseudoephedrine in violation of 21 U.S.C. § 841(c)(2),

and Ms. Gentile was indicted on three additional possession counts. Both pled guilty to the conspiracy charges in early December 2005.

In Mr. Gentile's case, the parties agreed that he was responsible for between 70 and 100 grams of pseudoephedrine, anticipating a base offense level of 30, a two level reduction for minor role, see U.S.S.G. § 3B1.2(b), and a three level reduction for acceptance of responsibility, see id. § 3E1.1(a), (b). Without taking his criminal history into account, his advisory guideline range would have been 57 to 71 months, but he had multiple prior convictions, including five drug or alcohol related offenses, felony burglary, and felony endangering the welfare of a child. Mr. Gentile also committed the instant offense while on probation for a prior conviction. The district court assessed his criminal history category at V, resulting in a guideline range of 100 to 125 months.

The district court then varied downward to sentence Mr. Gentile to 48 months. In doing so the court explained that although he had a "serious criminal history," the court considered it to be a history of "relatively petty crimes" and Mr. Gentile to be primarily a drug addict, not the kind of "hardened life-long drug dealers" who might also be sentenced for the same offense under the same guideline. The court questioned the Sentencing Commission policy on pseudoephedrine, which uses a sentencing formula based on the presumed amount of methamphetamine that could be produced from the amount of pseudoephedrine possessed. According to the district court, the relationship between precursor quantities and methamphetamine quantities "is not as simple a correlation as the Sentencing Commission perhaps believed at the time they set the guidelines."

In Ms. Gentile's plea agreement, the parties agreed that she was responsible for more than 40 but less than 70 grams of pseudoephedrine, resulting in a base offense level of 28 under the advisory guidelines. They also agreed to a three level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1(a), (b), and a two level reduction for minor role, see id. § 3B1.2(b). With the government's approval, the

district court also granted her a two level "safety valve" reduction.[1] Ms. Gentile had no criminal history points, placing her advisory guideline range at 37 to 46 months.

Ms. Gentile moved for a downward variance or departure on the basis of her family circumstances and need to "stay home so that she can take care of her child." In support of this motion she stated that she is the full time caretaker of her two year old son, whose father is unavailable. She resides with her mother and stepfather, who both work full time and suffer from a variety of medical complications. She also cares for her brother Anthony's 14 year old son who lives in the same house and has behavioral problems. The district court concluded that Ms. Gentile had established extraordinary family ties and responsibilities warranting a departure under U.S.S.G. § 5H1.6.[2] The court sentenced her to one day of incarceration and three years of supervised release, stating that the sentence was a reasonable one under the 18 U.S.C. § 3553(a) factors.

The government appeals both sentences, challenging the appropriateness of the district court's § 5H1.6 departure in Sheila Gentile's case and arguing that both sentences were unreasonable. We review a district court's interpretation of the advisory sentencing guidelines de novo and its decision to depart from the guidelines for abuse of discretion. See United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). We review a final sentence for reasonableness, which is "akin to our traditional review for abuse of discretion." United States v. Goody, 442 F.3d 1132, 1134 (8th Cir. 2006). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but

---

[1]Although the sentencing guidelines do not specifically provide for safety valve treatment for pseudoephedrine offenses sentenced under U.S.S.G. § 2D1.11, see U.S. v. Saffo, 227 F.3d 1260, 1273 (10th Cir. 2000), the parties agreed that a reduction could nevertheless be appropriate under § 5K2.0.

[2]Although the district court referred at sentencing to § 5K1.6, it appears that the court intended the departure to fall under § 5H1.6.

commits a clear error of judgment in weighing those factors." United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) (citing United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005)).

The government challenges the reasonableness of Mr. Gentile's 48 month sentence, a significant downward variance from his advisory range of 100 to 125 months. The government argues that the district court improperly relied on its own disagreement with the sentencing guidelines for pseudoephedrine and that it failed to give adequate weight to his criminal history, to his likelihood to reoffend, and to the policy against unwarranted sentencing disparities. Because there is no dispute about Mr. Gentile's guideline range, we review his sentence for reasonableness in light of the § 3553(a) factors. See Goody, 442 F.3d at 1134.

Although the sentencing guidelines are advisory and district courts are free to fashion sentences that fall outside the guideline range where individual circumstances warrant, disagreement with a policy enunciated by the Sentencing Commission is not a proper factor upon which to base a variance. See United States v. Blackford, 469 F.3d 1218, 1221 (8th Cir. 2006). Here, the sentencing court offered a general critique of the policy judgment underlying the pseudoephedrine quantity tables rather than pointing to specific circumstances that might make the tables unreasonable for Mr. Gentile's case. Instead, the district court substituted its own policy views for those of Congress and the Sentencing Commission, an independent agency within the judicial branch created by Congress to develop sentencing policy and promulgate guidelines. See United States v. Pho, 433 F.3d 53, 62 (1st Cir. 2006) ("[I]n the absence of constitutional infirmity, federal courts are bound by Congress's policy judgments, including judgments concerning the appropriate penalties for federal crimes.); see also Mistretta v. United States, 488 U.S. 361 (1989). To the extent that it relied on its general disagreement with the guidelines, the district court abused its discretion.

The remaining factors on which the district court relied do not provide sufficient justification for the extent of the variance. The court emphasized that Anthony Gentile was neither a distributor nor manufacturer of methamphetamine and

only committed his offense to feed his addiction. The fact that he did not commit other separate offenses does not provide grounds for a departure of such magnitude. See United States v. Grinbergs, 470 F.3d 758, 761 (8th Cir. 2006). His advisory guideline range was based on the offense for which he was convicted, not others. Had his offense involved the unlawful manufacture of methamphetamine, his offense level would have been increased accordingly. See U.S.S.G. § 2D1.11(c). The fact that he committed the offense in order to feed his addiction does not distinguish him from many other offenders. See United States v. Lee, 454 F.3d 836, 839 (8th Cir. 2006) ("Drug addiction or abuse is not a proper reason to impose a downward variance, absent exceptional circumstances."). The district court's observation that the guidelines led to an overstatement of his criminal history also fails to justify the extent of this variance. Even if he had been assigned no criminal history points, his advisory guideline range would still have been 57 to 71 months, see United States v. Bradford, 447 F.3d 1026, 1028-1029 (8th Cir. 2006), and his criminal history was in fact significant. We conclude that the 48 month sentence for Anthony Gentile was unreasonable.

The Government also challenges Sheila Gentile's sentence, arguing that a departure was not warranted on the basis of her family ties and responsibilities and that the resulting sentence was unreasonable. A district court may depart from the guideline range if a defendant has significant family responsibilities such that incarceration would cause unusual harm. See U.S.S.G. § 5H1.6. This is a disfavored basis for departure, however, see United States v. Bueno, 443 F.3d 1017, 1023 (8th Cir. 2006) and is not triggered by the kind of family hardships that are ordinarily incident to incarceration. See U.S.S.G. § 5H1.6 cmt. n.1(B)(ii); see also See United States v. Johnson, 908 F.2d 396, 399 (8th Cir. 1990) (noting that "parents frequently are separated from children during periods of incarceration"). Ms. Gentile does not present the kind of unusually pressing family circumstances that would justify a § 5H1.6. departure of this magnitude. That she is a single mother caring for a young child does not remove her situation from the heartland of cases. See United States v. Harrison, 970 F.2d 444, 447-48 (8th Cir. 1992). There is no indication that her young

son requires special care or that her teenage nephew, for whom she also cares, would suffer unusual harm without her constant attention and supervision.

Nor can Ms. Gentile's sentence be characterized as reasonable in light of the § 3553(a) factors. While the district court has discretion to vary from the advisory guidelines even where a departure would not be appropriate, see United States v. Hadash, 408 F.3d 1080, 1083-84 (8th Cir. 2005), it still must impose a reasonable sentence that falls within the "range of choice dictated by the facts of the case," see Haack, 403 F.3d at 1004. Ms. Gentile's personal circumstances are not so far removed from those of a typical offender to justify such a significant variance from the guideline range. See 18 U.S.C. § 3553(a)(1). Although she did cooperate with authorities and has for the most part remained clean and sober since the time of her last arrest, her sentence was already reduced to account for those favorable circumstances. See U.S.S.G. § 3E1.1; see also United States v. Rogers, 400 F.3d 640, 641-42 (8th Cir. 2005) (§ 3E1.1 accounts for ordinary post-offense rehabilitation). As she acknowledged in her sentencing memorandum, "[t]hose involved in precursor gathering nearly invariably are acting in the context of a methamphetamine addiction."

The gathering of precursor chemicals to facilitate the manufacture of methamphetamine is a serious offense that exposes society to significant risks, regardless of whether the offender herself is engaged in the actual cooking. See generally Pub. L. 104-237, 110 Stat. 3099 (1996). The sentence of one day and probation, where the lower end of the guideline range was 37 months, did not adequately reflect the seriousness of Sheila Gentile's offense, nor the need to avoid unwanted sentencing disparities. See United States v. Gall, 446 F.3d 884, 890 (8th Cir. 2006) (discussing downward departure from 30 months to probation in context of 18 U.S.C. § 3553(a)(2), (6)). Although there may be circumstances in which probation is appropriate even where the guidelines advise incarceration, see United States v. Wadena, 470 F.3d 735, 739 (8th Cir. 2006), this is not such a case. We conclude that Sheila Gentile's sentence must be vacated as unreasonable.

For the reasons stated, the sentences imposed on both Anthony and Sheila Gentile are vacated and the matters are remanded for resentencing.

_____