# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2293

_____

United States of America

*Plaintiff - Appellee*

v.

Casey James Godfrey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: May 16, 2016
Filed: August 23, 2016
[Unpublished]

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Casey James Godfrey pleaded guilty to one count of enticement of a minor by use of the Internet, in violation of 18 U.S.C. § 2422(b), the district court[1]

_____

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

sentenced him to 240 months' imprisonment. Godfrey appeals, arguing that his sentence is substantively unreasonable. We affirm.

Godfrey worked as a custodian at an elementary school in Rapid City, South Dakota, from July 2013 until January 2014. On December 17, 2013, Godfrey emailed a Nebraska law enforcement officer, who—unbeknownst to Godfrey—was conducting an online investigation by posing as a fourteen-year-old girl on the website motherless.com. Godfrey communicated with the officer via emails and text messages for approximately one month. During that time, Godfrey asked for nude photographs, writing, "You show me yours, I'll show you mine when you get out of school." After the officer sent an image that appeared to be a vagina (it was not), Godfrey sent the officer an image of his penis, which he took in the bathroom of the elementary school where he was employed. Godfrey also expressed sexual interest in an eleven-year-old female student who attended the school. He was arrested on January 23, 2014.

Search warrants served on various Internet and email providers revealed that Godfrey had exchanged images of child pornography with other individuals and had communicated with minors, trying to entice them to send him illicit photographs of themselves. Investigators were able to identify two female victims, one of whom was located in Texas and was thirteen years old when Godfrey enticed her to send him nude images. Investigators discovered twenty-nine images of that victim in various stages of undress, including eleven images of her breasts and vagina. The other victim was located in Illinois and was fifteen years old when Godfrey enticed her to send him eight images of herself in various stages of undress, including four images of her breasts and vagina. Based on Godfrey's conduct with these two minor victims, the government charged Godfrey in a superseding information with one count of enticement of a minor using the Internet.

The factual basis statement for Godfrey's guilty plea set forth Godfrey's enticement of the two minor victims and his communication with the undercover officer. The presentence investigation report (PSR) included information about Godfrey's communication with his wife's niece (M.R.), who was twelve years old and living in South Dakota during the relevant time period and whom Godfrey had unsuccessfully attempted to entice to send him illicit photos. The PSR further reported that investigators found images of Godfrey wearing only his underwear and standing in front of a bathroom mirror in the elementary school where he was employed.

The PSR determined that Godfrey's total offense level was 38, that his criminal history category was I, and that his advisory sentencing range under the U.S. Sentencing Guidelines Manual (Guidelines) was 235 to 293 months' imprisonment. Over Godfrey's objection, the PSR included Godfrey's conduct with respect to the officer and M.R. in determining the total offense level. During the sentencing hearing, however, the government explained that the parties had not anticipated the additional offense levels related to that conduct. Although the district court determined that the PSR was "exactly right in every enhancement position [it had] taken," the court decided to set aside those additional offense levels, thereby giving Godfrey the benefit of the plea negotiations. Accordingly, the district court determined that Godfrey's total offense level was 36, that his criminal history category was I, and that his advisory sentencing range was 188 to 235 months' imprisonment. The district court rejected Godfrey's request for a ten-year sentence and varied upward to a 240-month sentence.

In imposing what it called a "minor variance," the district court determined that, while the Guidelines were "almost adequate," an "even number" was necessary to send "a clear message to the public." The district court expressed its concern over the fact that Godfrey had used his position at the school as the site from which to create and later transmit photos of his genitals during his attempt to induce a minor

victim to respond in kind. It observed that Godfrey's conduct marked him as one on the path to almost certain future sexual contact with a child. It then discussed the protection from future predatory conduct on Godfrey's part that a lengthy sentence would serve, as well as pointing to the ever-increasing number of like crimes that the area had been experiencing and the deterrent effect that Godfrey's lengthy sentence might have on those similarly inclined.

Reflecting its concern about the danger that Godfrey's potential sexual contact offenses might pose, the district court imposed a twenty-year period of supervised release.

We review the substantive reasonableness of a sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). "A district court abuses its discretion when it fails to consider a relevant factor, gives significant weight to an irrelevant or improper factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." United States v. San-Miguel, 634 F.3d 471, 475 (8th Cir. 2011) (quoting United States v. Jones, 509 F.3d 911, 913 (8th Cir. 2007)); see also Gall, 552 U.S. at 59 (noting that the range of choice dictated by the facts of a case was significantly broadened after the Guidelines became advisory). When reviewing an above-Guidelines sentence, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the [sentencing factors set forth in 18 U.S.C. § 3553(a)], on a whole, justify the extent of the variance." Gall 552 U.S. at 51.

Godfrey argues that the district court abused its discretion when it varied upward to an even-numbered, twenty-year sentence merely to ensure that the public would understand the seriousness of his offense. He further contends that the Guidelines sentencing range fully accounted for his offense conduct and that the

sentence he received treats him as if he had committed a more serious offense, such as one involving physical contact with a minor.

We conclude that the district court did not abuse its discretion in sentencing Godfrey as it did. "Congress specifically made general deterrence an appropriate consideration under section 3553(a)(2)(B), and we have described it as 'one of the key purposes of sentencing.'" Ferguson v. United States, 623 F.3d 627, 632 (8th Cir. 2010) (quoting United States v. Medearis, 451 F.3d 918, 920 (8th Cir. 2006)). In light of the circumstances of this case, which included the use of a public facility, the need for deterrence was an especially salient sentencing consideration. The district court considered only appropriate sentencing factors and imposed a sentence that falls well within the range of choice dictated by the facts of this case.

The sentence is affirmed.

_____